UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DELFON BLAIR,
Plaintiff,

vs.

BEST BUY, et al.,
Defendants.

Case No. 1:13-cv-174

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for rehearing (Doc. 39), which the Court construes as a motion for reconsideration. This matter is also before the Court on plaintiff's motion for a "writ of coram nobbis [sic]." (Doc. 41).

As an initial matter, in view of this Court's Order and Judgment entry dated June 23, 2014 (Docs. 26, 27) and the Sixth Circuit Court of Appeals Order dismissing plaintiff's appeal (Doc. 37), plaintiff lacks authority to file, and this Court lacks any basis upon which to consider plaintiff's filings. *See* Fed. R. Civ. P. 59, 60. *See also Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court.").

Moreover, plaintiff has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's Order dismissing his lawsuit nearly five years ago is warranted.

It is therefore **RECOMMENDED** that:

1. Plaintiff's motion for rehearing (Doc. 39) be **DENIED**.

2. The Court should warn plaintiff that if his practice of continuing to file frivolous, meritless motions continues, the Court will recommend sanctions that would require

any further motions or papers in this case to be summarily denied, unless such motions or papers are certified as non-frivolous by an attorney.[1]

It is therefore **ORDERED** that:

1. Plaintiff's motion for a "writ of coram nobbis [sic]" (Doc. 41) is **DENIED**[2].

Date 2/27/18

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Recently, in *Blair v. Walmart*, the Court recommended that plaintiff be warned that further attempts to reopen a case that had been dismissed with prejudice many years earlier would no longer be tolerated. *See Blair v. Walmart*, No. 1:13-cv-173, 2018 WL 671336, at *1 (S.D. Ohio Feb. 2, 2018) (Bowman, M.J.). The Court cited to precedent in the Southern District of Ohio where the District Court deemed plaintiff's conduct so vexatious as to require sanctions. *See id.* (citing *Smith v. Indian Hill Exempted Village Sch. Dist.*, No. 1:10-cv-718 (S.D. Ohio Feb. 13, 2014) (Doc. 106) (Dlott, J.)). Likewise, in this case, plaintiff has continually filed frivolous post-judgment motions and, therefore, the undersigned recommends that he be further warned that additional frivolous filings will result in sanctions.

[2] In addition to having no basis to consider this motion, as described above, the Court also lacks jurisdiction to consider a "writ of error coram nobis" because these writs have been abolished in civil cases. *See May v. Guckenberger*, No. C-1-00-794, 2001 WL 1842462, at *3 (S.D. Ohio Apr. 26, 2001).

2