UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DELFON BLAIR,
   Plaintiff,

vs.

BEST BUY, *et al.*,
   Defendants.

Case No. 1:13-cv-174

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Delfon Blair's "motion of objection" (Doc. 44), which the Court construes as a motion for reconsideration.

In view of this Court's Order and Judgment entry dated June 23, 2014 (Docs. 26, 27) and the Sixth Circuit Court of Appeals Order dismissing Mr. Blair's appeal (Doc. 37), Mr. Blair lacks authority to file, and this Court lacks any basis upon which to consider Mr. Blair's filings. *See* Fed. R. Civ. P. 59, 60. *See also Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court."). Moreover, Mr. Blair has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's Order dismissing his lawsuit over five years ago is warranted. Therefore, it is **RECOMMENDED** that Mr. Blair's motion be **DENIED**.

This is the sixth post-judgment motion filed by Mr. Blair seeking reconsideration or reopening of his dismissed case. On May 18, 2018, this Court warned Mr. Blair that the continued filing of frivolous, meritless motions may result in sanctions, potentially including the summary denial of any future filings. (Doc. 43). Mr. Blair has failed to heed that warning and sanctions are appropriate.

For the reasons that follow, the undersigned recommends that the Court impose sanctions against Mr. Blair pursuant to Rule 11 and order that Mr. Blair be prohibited from filing any further motions or papers in this case unless such motions or papers are first certified as non-frivolous by an attorney, except for a notice of appeal to the Sixth Circuit Court of Appeals if he wishes to obtain review of any Order adopting this Report and Recommendation.

Pursuant to Fed. R. Civ. R. 11(a), a pro se litigant must sign every pleading, written motion, and other paper submitted to the Court for filing. Such signature constitutes a certificate by the pro se litigant that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," such pleading, motion, or paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(1), (2). The Court may impose appropriate sanctions against a pro se litigant for his violation of Rule 11. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, 48 F.3d 1219, 1995 WL 89003, at * 2 (6th Cir. 1995) (unpublished), (Rule 11 does not provide a different standard for attorneys and non-attorneys); *Doyle v. United States*, 817 F.2d 1235 (5th Cir. 1987) (same). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

In determining the propriety of Rule 11 sanctions, the Court should consider the party's ability to pay, the degree of bad faith or want of diligence, the costs resulting from the party's inappropriate conduct, mitigating conduct, if any, and that amount necessary and effective to bring about deterrence under all the particular circumstances. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419-20 (6th Cir. 1992). Deterrence is the paramount objective of Rule 11. *Id.*

Assessing these factors, the Court finds the degree of bad faith on the part of Mr. Blair to be significant. On April 16, 2013, the Court dismissed Mr. Blair's complaint with prejudice for failure to state a claim for relief and for lack of subject matter jurisdiction. (Doc. 12). Mr. Blair filed a motion for reconsideration (Doc. 16), which was denied by Order dated May 9, 2013 (Doc. 17). The Court advised Mr. Blair that if he wished to obtain review of the Court's decision and orders, he must pursue an appeal to the United States Court of Appeals for the Sixth Circuit. (Doc. 17). Instead of filing an appeal, Mr. Blair filed an "objection" to that Order (Doc. 18), which again sought reconsideration of the Court's dismissal of his complaint (Doc. 21). Mr. Blair was again advised that if he wished to seek review of the Court's dismissal of his complaint, he must file an appeal to the Sixth Circuit Court of Appeals. (Doc. 21).

Sixth months later, Mr. Blair filed his third motion/application seeking the reopening of his case. (Doc. 22). That motion was again denied for the same reasons his previous motions were denied. (Doc. 26). Mr. Blair then filed a notice of appeal (Doc. 31) and a fourth motion to reopen his case (Doc. 34). Mr. Blair's notice of appeal was dismissed as untimely (Doc. 37) and his fourth motion to reopen was denied on May 15, 2015 (Doc. 38). Three years later, Mr. Blair filed yet another motion for rehearing (Doc. 39), which was denied, and Mr. Blair was warned that his continued filing of frivolous, meritless motions may result in sanctions, including the

3

summary denial of any future filings. (Doc. 43). Undeterred, Mr. Blair filed his sixth "motion to objection," which essentially seeks reconsideration of the dismissal of his complaint over five years earlier (Doc. 44) and which the undersigned has recommended be denied for lack of jurisdiction. Despite the many adverse rulings advising Mr. Blair that the Court lacks jurisdiction over his post-judgment motions, Mr. Blair has persisted in filing additional frivolous post-judgment motions, thereby demonstrating a high degree of bad faith.

The cost of Mr. Blair's actions to the Court in this and its other cases is high. As the Supreme Court has noted, "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Mr. Blair's persistence in filing frivolous post-judgment motions has caused an unnecessary drain on this Court's limited resources, delayed the Court's resolution of other cases, and deprived other litigants' claims the prompt attention to which they are entitled and constitutes an abuse of the judicial process.

The Court cannot conceive of any mitigating factors for Mr. Blair's actions. Mr. Blair's bad faith filings and the needless expenditure of this Court's resources outweigh any potentially mitigating considerations and warrant Rule 11 sanctions aimed at deterring his vexatious filings.

Rule 11 authorizes sanctions of a nonmonetary nature. *Tropf v. Fid. Nat. Title Ins. Co.,* 289 F.3d 929, 940 (6th Cir. 2002). Courts have restricted litigants from filing further actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Tropf,* 289 F.3d at 940; *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Mun. Court,* 114 F.3d 1188, 1997

4

WL 321112 (6th Cir. 1997). The Court finds that a similar sanction is appropriate in this case "to deter repetition of such conduct" by Mr. Blair. Fed. R. Civ. P. 11(c)(2).

**IT IS HEREBY RECOMMENDED** that Mr. Blair be prohibited from filing any further motions or documents in this closed case unless such motion or document has first been certified as non-frivolous by an attorney. It is further **RECOMMENDED** that the Clerk of Court be specifically **DIRECTED** to not accept any such documents or motions that have not been so certified and to dispose of such documents accordingly.

Any Order adopting this recommendation should not affect Mr. Blair's right to file a notice of appeal to the Sixth Circuit Court of Appeals if Mr. Blair wishes to obtain review of the Order of this Court.

**IT IS SO RECOMMENDED.**

Date  9/11/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DELFON BLAIR,
    Plaintiff,

vs.

BEST BUY, *et al.*,
    Defendants.

Case No. 1:13-cv-174

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).